1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN DEON TURNER, JR.,              Case No.  1:19-cv-00706-SAB (PC)

12             Plaintiff,                  ORDER SCREENING PLAINTIFF'S
                                           COMPLAINT, AND GRANTING PLAINTIFF
13        v.                               LEAVE TO FILE A FIRST AMENDED
                                           COMPLAINT
14   M. MUNOZ, et al.,
                                           (ECF No. 1)
15             Defendants.
                                           **THIRTY (30) DAY DEADLINE**
16

17        Plaintiff Steven Deon Turner, Jr. is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19        Currently before the Court for screening is Plaintiff's complaint, filed on May 21, 2019.

20   (ECF No. 1.)

21                                          **I.**

22                              **SCREENING REQUIREMENT**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26   "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

27   "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

28   1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

                                            1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names M. Munoz, A. Gray, Frye, Vasquez, and John Doe Correctional Officer as Defendants.

Plaintiff alleges that, on April 6, 2018, Defendant Munoz opened Plaintiff's confidential mail from the Superior Court of California, County of Kern outside of Plaintiff's presence.

On August 7, 2018, Defendant Munoz opened Plaintiff's confidential mail from the Council on American Islamic Relations outside of Plaintiff's presence.

On September 17, 2018, the California Supreme Court sent confidential mail to Plaintiff, but Plaintiff never received the piece of mail. Plaintiff alleges that Defendant Gray, the legal mail

2

officer, and Defendant Munoz are both responsible and contractually bound to make sure that Plaintiff receives his confidential/legal mail. Further, Plaintiff alleges that "the acts under the color of state law perpurtrated (*sic*) by Defendants M. Munoz and A. Gray, was no less than sabotage with malice intent and a criminal and chain conspiracy, to prevent Plaintiff, from exercising his right to petition the government for redress of grievance." (ECF No. 1, at 5.)

On March 3, 2019, Plaintiff sent confidential mail to various individuals, including "Daniel K. Greene for the United States case No. 19-141C[.]" (Id. at 6.) Correctional Officer Chavez signed Plaintiff's 22 form, which Plaintiff converted to a proof of service, confirming that Plaintiff sent out the mail as confidential mail. Plaintiff sent the 22 form to mailroom staff E. Atencio and Defendant Munoz. The mail room staff informed Plaintiff that the confidential mail addressed to Daniel K. Greene did not go out. Plaintiff alleges that, on March 3, 2019, Defendant John Doe stole Plaintiff's confidential mail addressed to Daniel K. Greene in case # 19-141C, with the malicious intent to sabotage Plaintiff's case. Plaintiff further asserts that "this is reprisal and retailiation (*sic*) by all defendants, demonstrating the[ir] active ca[m]paign of harrassment (*sic*) against the plaintiff, in the form of a chain conspiracy, due to pending appeals & civil litigation. (Id.) On March 7, 2019, Plaintiff turned in an emergency appeal for mail theft, log number CCI-0-19-00798.

On May 15, 2019, Plaintiff sent his appeals, log number CCI-0-19-00978 for mail theft and log number CCI-0-19-00472 for a yard issue, to the Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation. Plaintiff alleges that Defendant Frye signed Plaintiff's 22 form in front of Defendant Vasquez, "which he converted into a proof of service, confirming Plaintiff sent out" the two appeals as confidential mail. (Id. at 7.) Plaintiff then sent the 22 form to the mail room. Mail room staff member E. Atencio informed Plaintiff that one of the two appeals was sent out. Plaintiff alleges that, since only one of the two appeals was sent out, Defendants Frye and Vasquez committed confidential mail theft by stealing one of the two appeals in order to prevent Plaintiff's appeal from reaching the third level of review in an attempt to hide the misconduct of their fellow officers, thinking that their act would prevent Plaintiff's complaint from being successful. Plaintiff asserts that Defendants Frye's and Vasquez's actions

were a conspiracy that was designed to prevent Plaintiff from exercising his right to petition the government for redress of grievances.

On April 25, 2019, at 9:45 a.m., Islamic services were called and all buildings were released. Defendant Vasquez was working in the tower on that date and time and was responsible for releasing Plaintiff for Islamic service. However, Defendant Vasquez did not allow Plaintiff to attend Islamic services. Plaintiff alleges that Defendant Vasquez discriminated against Plaintiff by not allowing Plaintiff to attend Islamic services in retaliation for Plaintiff's exercise of his right to petition and pending litigation against individuals and California Correctional Institution as a whole.

On May 18, 2019, in the mailroom of California Correctional Institution, Defendant Munoz opened Plaintiff's confidential mail from the Clerk of the U.S. Court of Appeals outside of Plaintiff's presence.

Plaintiff asserts that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are sued in both their individual and official capacities.

Plaintiff alleges that his confidential mail has been intercepted and trashed, that his appeals get trashed or held for months and are never returned, in hopes that Plaintiff will give up on seeking justice for the wrongs that he has suffered at the hands of officers at California Correctional Institution. Plaintiff asserts that "these appeals have been held for six months, and one still have (*sic*) not come back[:]" log numbers CCI-0-17-0216, CCI-0-17-00697, CCI-0-17-00778, CCI-0-17-00782, and CCI-0-16-01-540.

Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, costs of suit, and any additional relief that the Court deems just, proper, and equitable.

## III.

## DISCUSSION

### A.    Joinder

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple

defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

In this case, Plaintiff's claims for violating the First Amendment's Free Exercise Clause, conspiracy, and retaliation arising out of Defendant Vasquez's decision to not release Plaintiff for Islamic services are not related to Plaintiff's claims involving his mail because Plaintiff's religious claims do not raise out of the same transaction, occurrence, or series of transaction as Plaintiff's mail claims. If Plaintiff elects to amend his complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint against sets forth unrelated claims which violate joinder rules, the Court may dismiss the unrelated claims as improperly joined.

**B.      Official Capacity**

Plaintiff asserts that he is suing each of the named Defendants in both their individual and official capacities. Plaintiff seeks monetary damages, injunctive relief, and declaratory relief against each of the named Defendants.

"Suits against state officials in their official capacity … should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public

Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Therefore, Plaintiff's claim for monetary damages against all of the named Defendants in their official capacity is barred by the Eleventh Amendment.

However, a claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 92 (1989).  Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation."  Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013); see Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity).  Instead, Plaintiff need only identify the law or policy challenged as a constitutional violation and name the official or officials within the entity who is or are alleged to have a "fairly direct" connection with the enforcement of that policy, see Ex Parte Young, 209 U.S. 123, 157 (1908), and can appropriately respond to injunctive relief.  Hartmann, 707 F.3d at 1127 (citation omitted); see also Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012).

In this case, Plaintiff has not alleged that a law, policy, or custom caused a violation of his constitutional rights.  Further, Plaintiff has failed to name the official or officials within California Correctional Institution or the California Department of Corrections and Rehabilitation who is or are alleged to have a fairly direct connection with the enforcement of that law, policy, or custom and who can appropriately respond to injunctive relief.  Accordingly, Plaintiff has failed to state a cognizable official capacity claim against any named Defendant.

### C. Interference With Mail

A. Improper Mail Opening

Prison officials may "open and inspect" legal mail sent to an inmate, Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014), but "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence."  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

6

Here, Plaintiff alleges that, on April 6, 2018 and May 18, 2019, Defendant Munoz improperly opened Plaintiff's confidential mail from the Superior Court of California, County of Kern, and the Clerk of the U.S. Court of Appeals, respectively, outside of Plaintiff's presence. However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail," and, hence, mail from the courts can be properly opened outside of a prisoner's presence. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998).

Further, Plaintiff alleges that, on August 7, 2018, Defendant Munoz improperly opened Plaintiff's confidential mail from the Council on American Islamic Relations outside of Plaintiff's presence. However, mail from public agencies and officials, civil rights groups, and the news media is not legal mail, and it may be properly opened outside of a prisoner's presence. See Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (*per curiam*) (rejecting the contention that mail sent to inmates from public agencies, public officials, recognized civil rights groups, and news media must be opened only in the inmate's presence).

Therefore, Plaintiff has failed to state a cognizable claim for improperly opening correctly marked legal mail outside of his presence in violation of the First Amendment against Defendant Munoz.

B.     Interference with Sending or Receiving Mail

Prison inmates have a First Amendment right to send and receive mail despite the "inordinately difficult undertaking" to exercise and protect that right within a prison setting. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)).

In this case, Plaintiff first alleges that, on September 17, 2018, the California Supreme Court sent confidential mail to Plaintiff and that, even though Defendants Gray and Munoz were responsible and contractually bound to make sure that Plaintiff received his confidential mail, Plaintiff never received the piece of mail from the California Supreme Court. Further, Plaintiff asserts that, on March 3, 2019, Defendant John Doe stole Plaintiff's outgoing confidential mail addressed to Daniel K. Greene in case # 19-141C. Finally, Plaintiff alleges that, on May 15,

2019, Defendants Frye and Vasquez stole one of Plaintiff's two administrative appeals that were being mailed to the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation.

However, with regards to Plaintiff's claim that, on March 3, 2019, Defendant John Doe stole Plaintiff's confidential mail addressed to Daniel K. Greene, this claim is contradicted by the CDCR Form 22 attached as an exhibit to Plaintiff's complaint. (ECF No. 1, at 17.) In Plaintiff's portion of the CDCR Form 22, Plaintiff states that, on March 3, 2019, he sent legal mail to several parties, including Daniel K. Greene. (Id.) In the staff response section of the CDCR Form 22, E. Atencio stated that no item to the ACLU was processed because it was not in the legal mail bag, but that the other items were processed and forwarded to the local post office on March 4, 2019. (Id.) Therefore, this exhibit demonstrates that Plaintiff's confidential mail addressed to Daniel K. Greene was not stolen by Defendant John Doe, but was sent or mailed out from the prison to the local post office.

Further, courts generally find that isolated incidents of interference with mail are insufficient to state a cognizable claim. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (two instances of interference with incoming mail insufficient to state a claim because plaintiff does not allege an ongoing practice of prison officials of interfering with his mail nor any harm suffered from the mail tampering); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) ("[A]n isolated incident [of interference with mail], without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access the courts, does not give rise to a constitutional violation."). Here, Plaintiff alleges that he has never received the piece of mail that the California Supreme Court sent to him on September 17, 2018 and that, on May 15, 2019, Defendants Frye and Vasquez stole one of Plaintiff's two administrative appeals that Plaintiff was mailing to the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation. Additionally, Plaintiff asserts that Defendants Munoz, Gray, Frye, and Vasquez interfered with his mail as part of a conspiracy and in order to prevent Plaintiff from exercising his right to petition the government for redress of grievances. However, Plaintiff's statements regarding a conspiracy and the Defendants' motive are conclusory and unsupported by

8

any factual allegations.  Therefore, Plaintiff's allegations regarding two isolated incidents of interference with his mail do not state a cognizable First Amendment claim.

Consequently, Plaintiff has not stated a cognizable claim for interference with his mail in violation of the First Amendment against Defendants Munoz, Gray, Frye, Vasquez, and John Doe.

### D.    Conspiracy

To establish a cognizable claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010).  To establish a conspiracy, Plaintiff allege specific facts showing "an agreement or meeting of the minds to violate constitutional rights.  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy."  Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal citations and quotation marks omitted).  The mere conclusory statement that defendants "conspired" together is not sufficient to state a cognizable claim.  Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Plaintiff alleges that Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe conspired to prevent Plaintiff from exercising his right to petition the government for redress of grievances.  However, Plaintiff's statement that Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe conspired together is conclusory and unsupported by any factual allegations demonstrating that each Defendant expressly or impliedly agreed together to deprive Plaintiff of his constitutional rights.  Further, Plaintiff has not alleged any facts demonstrating that any agreement between Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe to violate Plaintiff's constitutional rights actually caused Plaintiff to suffer a deprivation of his constitutional rights.  Therefore, Plaintiff has not stated a cognizable claim for conspiracy against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

///

## E.	Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison, 688 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred.  Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities.  Rhodes, 408 F.3d at 567–68.  The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

Here, Plaintiff has not alleged facts establishing that Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe took some adverse action against him because of his protected conduct, that the adverse action either chilled the exercise of his First Amendment rights or he suffered some harm that was more than minimal, and the adverse action did not reasonably advance a legitimate correctional goal.  Therefore, Plaintiff has not pled a cognizable claim for

retaliation in violation of the First Amendment against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

**F.      Free Exercise of Religion**

"The right to exercise religious practices and beliefs does not terminate at the prison door[,] but a prisoner's right to free exercise of religion is necessarily limited by the fact of incarceration." Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (internal quotation marks and citations omitted). "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his or] her religion." Id. at 1031. "[A] substantial burden must place more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert[] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Ohno v. Yasuma, 723 F.3d 984, 1011 (9th Cir. 2013) (citation and internal quotation marks omitted).

Here, Plaintiff alleges that his First Amendment right to free exercise was violated on April 25, 2019 when Defendant Vasquez failed to release Plaintiff so that Plaintiff could attend Islamic Services. However, initially, Plaintiff has failed to allege that he sincerely believes that attending Islamic Services is consistent with his religious faith. Shakur v. Schriro, 514 F.3d 878, 885 (9th Cir. 2008) (only those beliefs which are sincerely held and religious in nature are protected under the First Amendment). Further, Plaintiff's allegation that he was not allowed to attend Islamic Services on a single day is the sort of "relative short-term and sporadic" intrusion that does not amount to a substantial burden on Plaintiff's free exercise of his religious faith. Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) (affirming summary judgment on claim that defendant violated Free Exercise Clause by interrupting inmate's prayer time no more than 18 times over the course of 2 months because it was "relatively short-term and sporadic," and not a "substantial burden").

Therefore, Plaintiff has failed to state a cognizable claim against Defendant Vasquez for violation of the Free Exercise Clause of the First Amendment.

**G.      Inmate Appeal/Grievance Process**

Plaintiff contends that his appeals "get trashed, or held for months, and are never

11

returned." (ECF No. 1, at 8.)

However, prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Prison officials are not required under federal law to process or respond to an inmate's grievances or appeals in any specific way. Todd v. Cal. Dept. of Corr. & Rehab., 615 F. App'x 415 (9th Cir. 2015) (holding that district court properly dismissed prisoner's "claim regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure[]'") (citation omitted); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (holding that district court properly dismissed procedural due process claim against defendants only involved in appeals process because "defendants cannot be held liable under § 1983 for denying [prisoner's] appeal[]"); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Therefore, Plaintiff has failed to state a cognizable claim with respect to the handling, processing, or resolution of his appeals against any Defendant.

### H.    Deliberate Indifference

Plaintiff alleges that "Defendants A. Gray, M. Munoz, John Doe, Frye, and Vasquez are guilty of deliberate indifference, while acting under the color of state law, which was the moving factor in the deprivation of Plaintiff's rights secured" by the U.S. Constitution, the Declaration of Independence and the International Bill of Rights. (ECF No. 1, at 9.)

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Here, Plaintiff has not alleged any facts demonstrating that any act or omission by Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe resulted in the denial of the minimal civilized measure of life's necessities. Further, Plaintiff has failed to allege that Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe knew that Plaintiff faced a substantial risk of serious harm to his health or safety, but that each Defendant disregarded that risk by failing to take reasonable measures to abate the risk. Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

**I.      Violation of 42 U.S.C. § 1981(a)**

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are guilty of violating 42 U.S.C. § 1981(a).

42 U.S.C. § 1981(a) provides, in relevant part, that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory … to the full and equal benefit of all laws and proceedings for the security of persons and property as it enjoyed by white citizens[.]" Section 1981 "can be violated only be purposeful discrimination," General Bldg. Contractors Ass'n Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982), and a plaintiff must plausibly allege "intentional discrimination on account of race." Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The complaint must set forth "overt acts" of discrimination and contain facts to establish that the defendant's conduct was motivated by racial animus. Id. at 1345.

In this case, Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against by any named Defendant due to his race. Further, Plaintiff has failed to plead facts establishing that any named Defendant's conduct was motivated by racial animus.

///

13

1  Therefore, Plaintiff has not stated a cognizable claim for violation of 42 U.S.C. § 1981(a) against

2  Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

3        **J.**      **Violation of 42 U.S.C. § 1985**

4        Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are guilty of

5  violating 42 U.S.C. § 1985.

6        Section 1985(3) creates a civil action for damages caused by two or more persons who

7  "conspire … for the purpose of depriving" the injured person of "the equal protection of the laws,

8  or of equal privileges and immunities under the laws" and take or cause to be taken "any act in

9  furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a 1985(3)

10 claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any

11 person or class of persons of the equal protection of the laws, or of equal privileges and

12 immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person

13 is either injured in his person or property or deprived of any right or privilege of a citizen of the

14 United States." Fazaga v. FBI, 916 F.3d 1202, 1245 (9th Cir. 2019).

15       In order to adequately allege the first element, Plaintiff must allege specific "facts to

16 support the allegation that defendants conspired together. A mere allegation of conspiracy

17 without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d

18 621, 626 (9th Cir. 1988). The second element requires that some racial or otherwise class-based

19 "invidiously discriminatory animus" behind the conspirators' actions. Bray v. Alexandria

20 Women's Health Clinic, 506 U.S. 263, 268-69 (1993). Finally, a plaintiff cannot state a

21 conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C.

22 § 1983 based on the same allegations. See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th

23 Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section

24 1985 conspiracy claim predicated on the same allegations")

25       Here, while Plaintiff alleges that Defendants Munoz, Gray, Frye, Vasquez, and John Doe

26 conspired together, this allegation is conclusory and unsupported by specific facts. Further,

27 Plaintiff has not alleged any facts demonstrating that the actions of each of the conspiring

28 Defendants was motivated by racial, or other class-based, animus. Finally, Plaintiff's failure to

state a cognizable section 1983 claim precludes a section 1985(3) claim based on the same facts. Therefore, Plaintiff has failed to state a cognizable claim for violation of 42 U.S.C. § 1985(3) against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

**K.    Violation of 42 U.S.C. § 1986**

Plaintiff asserts that Defendants Munoz, Gray, Frye, Vasquez, and John Doe deliberately neglected to prevent the conspiracy against Plaintiff in violation of 42 U.S.C. § 1986. (ECF No. 1, at 9.) "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d , 626 (9th Cir. 1988).

Here, since Plaintiff has not stated a cognizable section 1985 claim, Plaintiff has also failed to state a cognizable section 1986 claim against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

**L.    Violation of 42 U.S.C. § 1988(a)**

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are guilty of violating 42 U.S.C. § 1988(a). However, 42 U.S.C. § 1988 "does not support an independent cause of action." Brower v. Cnty. of Inyo, 817 F.2d 540, 546 (9th Cir. 1987), reversed on other grounds 489 U.S. 593 (1989). Therefore, Plaintiff has no cognizable claim under 42 U.S.C. § 1988.

**M.    Violation of 18 U.S.C. §§ 241 & 242**

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are guilty of violating 18 U.S.C. §§ 241 and 242. However, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create a civil cause of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."). Therefore, Plaintiff has no civil cognizable claims under 18 U.S.C. §§ 241 and 242.

///

///

**N.  State Law Claims**

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a timely written claim and action on, or rejection of, the claim are conditions precedent to suit.  <u>DiCampli-Mintz v. County of Santa Clara</u>, 55 Cal.4th 983, 989-90 (2012); <u>see</u> <u>also</u> <u>Mangold v. Cal. Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  Therefore, in order to state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Tort Claim Act.  <u>DiCampli-Mintz</u>, 55 Cal.4th at 990; <u>see</u> <u>also</u> <u>Mangold</u>, 67 F.3d at 1477.

Here, while Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are guilty of violating California Penal Code sections 182 and 186, Plaintiff has failed to allege that he complied with California's Government Claims Act.  Accordingly, Plaintiff has failed to state any cognizable state law claims.

**O.  Doe Defendant**

Plaintiff has named one John Doe defendant.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980.)  Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the actual name of the defendant in place of "John Doe."

**P.  Declaratory Relief**

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns a verdict in favor of Plaintiff,

then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## IV.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927. Absent court approval, Plaintiff's first amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's office shall send Plaintiff a complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

///

3. If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the District Judge that this action be dismissed for failure to prosecute, failure to obey a court order, and failure to state a claim.

IT IS SO ORDERED.

Dated: **October 24, 2019**

_____
UNITED STATES MAGISTRATE JUDGE