# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. MUNOZ, et al., <br><br> Defendants. | Case No. 1:19-cv-00706-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM FOR RELIEF <br><br> (ECF No. 13) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Steven Deon Turner, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 24, 2019, the Court screened Plaintiff's complaint and found that Plaintiff had failed to state a cognizable claim. (ECF No. 12.) Plaintiff was provided with the legal standards that applied to his claims and granted leave to amend. (Id.)

Currently before the Court for screening is Plaintiff's first amended complaint, filed on November 8, 2019. (ECF No. 13.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff names M. Munoz, A. Gray, Frye, Vasquez, and Chavez as Defendants.

Plaintiff alleges that, on April 6, 2018, Defendant Munoz opened Plaintiff's confidential mail from the Superior Court of California, County of Kern outside of Plaintiff's presence.

On August 7, 2018, Defendant Munoz opened Plaintiff's confidential mail from Patricia Shnell, civil rights attorney, with the Council on American-Islamic Relations outside of Plaintiff's presence.

On September 17, 2018, the California Supreme Court sent confidential mail to Plaintiff. Plaintiff alleges that this piece of confidential mail was stolen by Defendant Gray.

On March 3, 2019, Plaintiff sent confidential mail to various individuals, including "Attorney Daniel K. Greene for the United States case No. 19-141C[.]" (ECF No. 13, at 8.) Defendant Chavez signed Plaintiff's 22 form, which Plaintiff converted to a proof of service, confirming that Plaintiff sent out the mail as confidential mail. Plaintiff sent the 22 form to mailroom staff E. Atencio and Defendant Munoz. The mail room staff informed Plaintiff that the confidential mail addressed to Daniel K. Greene did not go out. Plaintiff alleges that, on March 3, 2019, Defendant Chavez stole Plaintiff's confidential mail addressed to Daniel K. Greene in case # 19-141C.

On March 7, 2019, Plaintiff turned in an emergency appeal for mail theft, log number CCI-0-19-00798.

On May 15, 2019, Plaintiff sent his appeals, log number CCI-0-19-00798 for mail theft and log number CCI-0-19-00472 for a yard issue, to the Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation. Plaintiff alleges that Defendant Frye signed Plaintiff's 22 form in front of Defendant Vasquez, "which [Plaintiff] converted into a proof of service, confirming [Plaintiff] sent out" the two appeals as confidential mail. (Id. at 8.) Plaintiff then sent the 22 form to the mail room. Mail room staff member E. Atencio informed Plaintiff that one of the two appeals was mailed out from California Correctional Institution. Plaintiff alleges that, since only one of the two appeals was sent out, Defendants Frye and Vasquez committed confidential mail theft by stealing one of the two appeals in order to prevent Plaintiff's appeal from reaching the third level of review in an attempt to hide the misconduct of their fellow officers and destroy Plaintiff's administrative appeal remedy, thinking that their act would prevent Plaintiff's complaint from being successful.

///

On May 18, 2019, in the Facility B mailroom of California Correctional Institution, Defendant Munoz opened Plaintiff's confidential mail from the Clerk of the U.S. Court of Appeals outside of Plaintiff's presence.

Plaintiff alleges that Defendants Chavez, Munoz, Gray, Frye, and Vasquez are guilty of a chain conspiracy and deliberate indifference, which was the moving factor in their decision to deprive Plaintiff of his guaranteed right to correspond confidentially. Plaintiff also asserts the Defendants have maintained a consistent pattern and disregard for his right to petition the government for redress of grievances. Specifically, Plaintiff states that his confidential mail has been intercepted and trashed, that his appeals get trashed or held for months and are never returned, in hopes that Plaintiff will give up on seeking justice for the wrongs that he has suffered at the hands of officers at California Correctional Institution. Plaintiff asserts that "these appeals have been held for six months or more, and some still have not come back[:]" log numbers CCI-0-17-0216, CCI-0-17-00697, CCI-0-17-00778, CCI-0-17-00782, and CCI-0-16-01-540. (Id. at 10.)

Plaintiff asserts that Defendants Munoz, Gray, Frye, Vasquez, and John Doe are sued in both their individual and official capacities.

Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, costs of suit, and any additional relief that the Court deems just, proper, and equitable.

### III.
### DISCUSSION

**A.      Official Capacity**

Plaintiff asserts that he is suing each of the named Defendants in both their individual and official capacities. Plaintiff seeks monetary damages, injunctive relief, and declaratory relief against each of the named Defendants.

"Suits against state officials in their official capacity … should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991); Holley v. Cal. Dep't of Corr., 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of

pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Id. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, Plaintiff's claim for monetary damages against all of the named Defendants in their official capacity is barred by the Eleventh Amendment.

However, a claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 92 (1989). Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013); see Rouser v. White, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010) (proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR Secretary in his official capacity). Instead, Plaintiff need only identify the law or policy challenged as a constitutional violation and name the official or officials within the entity who is or are alleged to have a "fairly direct" connection with the enforcement of that policy, see Ex Parte Young, 209 U.S. 123, 157 (1908), and can appropriately respond to injunctive relief. Hartmann, 707 F.3d at 1127 (citation omitted); see also Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012).

In this case, Plaintiff has not alleged that a law, policy, or custom caused a violation of his constitutional rights. Further, Plaintiff has failed to name the official or officials within California Correctional Institution or the California Department of Corrections and Rehabilitation who are alleged to have a fairly direct connection with the enforcement of that law, policy, or custom and who can appropriately respond to injunctive relief. Accordingly, Plaintiff has failed to state a cognizable official capacity claim against any named Defendant.

///

Plaintiff was previously advised of this deficiency in the Court's prior order screening Plaintiff's original complaint and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

**B.     Interference With Mail**

A.     Improper Mail Opening

Prison officials may "open and inspect" legal mail sent to an inmate, Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014), but "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).

Here, Plaintiff alleges that, on April 6, 2018 and May 18, 2019, Defendant Munoz improperly opened Plaintiff's confidential mail from the Superior Court of California, County of Kern, and the Clerk of the U.S. Court of Appeals, respectively, outside of Plaintiff's presence. However, since "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail," mail from the courts can be properly opened outside of a prisoner's presence. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998).

Further, Plaintiff alleges that, on August 7, 2018, Defendant Munoz improperly opened Plaintiff's confidential mail from Patricia Shnell, Esq., civil rights attorney, with the Council on American-Islamic Relations outside of Plaintiff's presence. However, the Court notes that, while the envelope that Ms. Shnell's letter came in is marked "LEGAL," the envelope only indicates that it was sent from the Greater Los Angeles Area Chapter of the Council on American-Islamic Relations. The envelope does not indicate that the letter was sent from an attorney. Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (stating that, in order to qualify as legal mail, the mail must be "specially marked as originating from an attorney"); Hayes, 849 F.3d at 1211 (stating that prisoner's First Amendment interest in having legal mail opened in their presence only applies to "properly marked" legal mail). Further, since mail from civil rights groups is not legal mail, it may be properly opened outside of a prisoner's presence. See Mann v. Adams, 846 F.2d 589, 590-91 (9th Cir. 1988) (*per curiam*) (rejecting the contention that mail sent to inmates from

6

public agencies, public officials, recognized civil rights groups, and news media must be opened only in the inmate's presence).

Therefore, Plaintiff has failed to state a cognizable claim for improperly opening correctly marked legal mail outside of his presence in violation of the First Amendment against Defendant Munoz. Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

B.  Interference with Sending or Receiving Mail

Prison inmates have a First Amendment right to send and receive mail despite the "inordinately difficult undertaking" to exercise and protect that right within a prison setting. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)).

In this case, Plaintiff first alleges that, on September 17, 2018, the California Supreme Court sent confidential mail to Plaintiff, but Defendant Gray stole this piece of confidential mail. Further, Plaintiff asserts that, on March 3, 2019, Defendant Chavez stole Plaintiff's outgoing confidential mail addressed to Daniel K. Greene in case # 19-141C. Finally, Plaintiff alleges that, on May 15, 2019, Defendants Frye and Vasquez stole one of Plaintiff's two administrative appeals that were being mailed to the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation.

However, initially, with regards to Plaintiff's claim that, on March 3, 2019, Defendant Chavez stole Plaintiff's confidential mail addressed to Daniel K. Greene, this claim is contradicted by the CDCR Form 22 attached as an exhibit to Plaintiff's first amended complaint. (ECF No. 13, at 40.) In Plaintiff's portion of the CDCR Form 22, Plaintiff states that, on March 3, 2019, he sent legal mail to several parties, including Daniel K. Greene. (Id.) In the staff response section of the CDCR Form 22, E. Atencio stated that no item to the ACLU was processed because it was not in the legal mail bag, but that the other items were processed and forwarded to the local post office on March 4, 2019. (Id.) Therefore, this exhibit demonstrates
///

that Plaintiff's confidential mail addressed to Daniel K. Greene was not stolen by Defendant Chavez, but was processed and forwarded from the prison to the local post office.

Further, courts generally find that isolated incidents of interference with mail are insufficient to state a cognizable claim. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (two instances of interference with incoming mail insufficient to state a claim because plaintiff does not allege an ongoing practice of prison officials of interfering with his mail nor any harm suffered from the mail tampering); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) ("[A]n isolated incident [of interference with mail], without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access the courts, does not give rise to a constitutional violation."). Here, Plaintiff alleges Defendant Gray stole the piece of mail that the California Supreme Court sent to him on September 17, 2018 and that, on May 15, 2019, Defendants Frye and Vasquez stole one of Plaintiff's two administrative appeals that Plaintiff was mailing to the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation. Plaintiff also asserts that Defendants Gray, Frye, Vasquez, and Chavez conspired to interfere with his mail in order to prevent Plaintiff from exercising his right to petition the government for redress of grievances and to deprive Plaintiff of his right to correspond confidentially. However, Plaintiff's statements regarding a conspiracy and the Defendants' motives are conclusory and unsupported by any factual allegations. Further, Plaintiff has failed to allege any facts demonstrating that Defendants Gray's, Frye's, Vasquez's, and/or Chavez's actions caused him any harm or interfered with his right to access the courts. Therefore, Plaintiff's allegations regarding two isolated incidents of interference with his mail do not state a cognizable First Amendment claim.

Consequently, Plaintiff has not stated a cognizable claim for interference with his mail in violation of the First Amendment against Defendants Gray, Frye, Vasquez, and Chavez. Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

///

**C. Conspiracy**

To establish a cognizable claim for conspiracy under 42 U.S.C. § 1983, a plaintiff must allege (1) the existence of an express or implied agreement among the defendants to deprive the plaintiff of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010). To establish a conspiracy, Plaintiff allege specific facts showing "an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal citations and quotation marks omitted). The mere conclusory statement that defendants "conspired" together is not sufficient to state a cognizable claim. Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Plaintiff alleges that Defendants Munoz, Gray, Frye, Vasquez, and Chavez conspired to prevent Plaintiff from exercising his right to petition the government for redress of grievances and to deprive Plaintiff of his right to correspond confidentially. However, Plaintiff's statement that Defendants Munoz, Gray, Frye, Vasquez, and Chavez conspired together is conclusory and unsupported by any factual allegations demonstrating that each Defendant expressly or impliedly agreed together to deprive Plaintiff of his constitutional rights. Further, Plaintiff has not alleged any facts demonstrating that any agreement between Defendants Munoz, Gray, Frye, Vasquez, and Chavez to violate Plaintiff's constitutional rights actually caused Plaintiff to suffer a deprivation of his constitutional rights. Therefore, Plaintiff has not stated a cognizable claim for conspiracy against Defendants Munoz, Gray, Frye, Vasquez, and Chavez.

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

**D. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104

(9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." Watison, 688 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. Id. The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. Rhodes, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." Watison, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." Id.

Here, Plaintiff has not alleged facts establishing that Defendants Munoz, Gray, Frye, Vasquez, and/or Chavez took some adverse action against him because of his protected conduct, that the adverse action either chilled the exercise of his First Amendment rights or he suffered some harm that was more than minimal, and the adverse action did not reasonably advance a legitimate correctional goal. Therefore, Plaintiff has not pled a cognizable claim for retaliation in violation of the First Amendment against Defendants Munoz, Gray, Frye, Vasquez, and/or John Doe.

///

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

### E. Inmate Appeal/Grievance Process

Plaintiff contends that his appeals "get trashed, or held for months, and are never returned[.]" (ECF No. 13, at 10.)

However, prisoners do not have an independent constitutional due process entitlement to a specific administrative grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Prison officials are not required under federal law to process or respond to an inmate's grievances or appeals in any specific way. Todd v. Cal. Dept. of Corr. & Rehab., 615 F. App'x 415 (9th Cir. 2015) (holding that district court properly dismissed prisoner's "claim regarding the processing and handling of his prison grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure[]'") (citation omitted); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (holding that district court properly dismissed procedural due process claim against defendants only involved in appeals process because "defendants cannot be held liable under § 1983 for denying [prisoner's] appeal[]"); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Therefore, Plaintiff has failed to state a cognizable claim with respect to the handling, processing, or resolution of his appeals against any Defendant. Since Plaintiff has no constitutional right to any specific administrative grievance procedure, the Court concludes that leave to amend would be futile.

### F. Deliberate Indifference

Plaintiff alleges that Defendants Chavez, Munoz, Gray, Frye, and Vasquez are guilty of acting with "deliberate indifference" in order to prevent Plaintiff from exercising his First Amendment right to petition the government for redress of grievances and to deprive Plaintiff of his right to correspond confidentially.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then, the official must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Here, Plaintiff has not alleged any facts demonstrating that any act or omission by Defendants Munoz, Gray, Frye, Vasquez, and/or Chavez resulted in the denial of the minimal civilized measure of life's necessities. Further, Plaintiff has failed to allege that Defendants Munoz, Gray, Frye, Vasquez, and/or Chavez knew that Plaintiff faced a substantial risk of serious harm to his health or safety, but that each Defendant disregarded that risk by failing to take reasonable measures to abate the risk. Therefore, Plaintiff has failed to state a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Munoz, Gray, Frye, Vasquez, and Chavez.

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

**G.  Violation of 42 U.S.C. § 1981(a)**

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and Chavez are guilty of violating 42 U.S.C. § 1981(a).

42 U.S.C. § 1981(a) provides, in relevant part, that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory … to the full and equal

benefit of all laws and proceedings for the security of persons and property as it enjoyed by white citizens[.]" Section 1981 "can be violated only be purposeful discrimination," General Bldg. Contractors Ass'n Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982), and a plaintiff must plausibly allege "intentional discrimination on account of race." Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The complaint must set forth "overt acts" of discrimination and contain facts to establish that the defendant's conduct was motivated by racial animus. Id. at 1345.

In this case, Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against by any named Defendant due to his race. Further, Plaintiff has failed to plead facts establishing that any named Defendant's conduct was motivated by racial animus. Therefore, Plaintiff has not stated a cognizable claim for violation of 42 U.S.C. § 1981(a) against Defendants Munoz, Gray, Frye, Vasquez, and Chavez.

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

**H.     Violation of 42 U.S.C. § 1985(3)**

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and Chavez are guilty of violating 42 U.S.C. § 1985(3).

Section 1985(3) creates a civil action for damages caused by two or more persons who "conspire … for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a 1985(3) claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Fazaga v. FBI, 916 F.3d 1202, 1245 (9th Cir. 2019).

In order to adequately allege the first element, Plaintiff must allege specific "facts to support the allegation that defendants conspired together. A mere allegation of conspiracy

without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). The second element requires that some racial or otherwise class-based "invidiously discriminatory animus" behind the conspirators' actions. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993). Finally, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for deprivation of rights under 42 U.S.C. § 1983 based on the same allegations. See Caldeira v. Cnty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations")

Here, while Plaintiff alleges that Defendants Munoz, Gray, Frye, Vasquez, and Chavez conspired together, this allegation is conclusory and unsupported by specific facts. Further, Plaintiff has not alleged any facts demonstrating that the actions of Defendants Munoz, Gray, Frye, Vasquez, and Chavez were motivated by racial, or other class-based, animus. Finally, Plaintiff's failure to state a cognizable section 1983 claim precludes a section 1985(3) claim based on the same facts. Therefore, Plaintiff has failed to state a cognizable claim for violation of 42 U.S.C. § 1985(3) against Defendants Munoz, Gray, Frye, Vasquez, and Chavez.

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

**I.     Violation of 42 U.S.C. § 1986**

Plaintiff asserts that Defendants Munoz, Gray, Frye, Vasquez, and Chavez deliberately neglected to prevent the conspiracy against Plaintiff in violation of 42 U.S.C. § 1986. (ECF No. 1, at 9.) "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d , 626 (9th Cir. 1988).

Here, since Plaintiff has not stated a cognizable section 1985 claim, Plaintiff has also failed to state a cognizable section 1986 claim against Defendants Munoz, Gray, Frye, Vasquez, and Chavez. Plaintiff was previously advised of the legal and pleading standards for this claim in

the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

### J. Violation of 42 U.S.C. § 1988(a)

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and Chavez are guilty of violating 42 U.S.C. § 1988(a). However, 42 U.S.C. § 1988 "does not support an independent cause of action." Brower v. Cnty. of Inyo, 817 F.2d 540, 546 (9th Cir. 1987), reversed on other grounds 489 U.S. 593 (1989). Therefore, leave to amend would be futile.

### K. Violation of 18 U.S.C. §§ 241 & 242

Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and Chavez are guilty of violating 18 U.S.C. §§ 241 and 242. However, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create a civil cause of action. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."). Therefore, leave to amend would be futile.

### L. State Law Claims

California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a timely written claim and action on, or rejection of, the claim are conditions precedent to suit. DiCampli-Mintz v. County of Santa Clara, 55 Cal.4th 983, 989-90 (2012); see also Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Therefore, in order to state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Tort Claim Act. DiCampli-Mintz, 55 Cal.4th at 990; see also Mangold, 67 F.3d at 1477.

Here, while Plaintiff states that Defendants Munoz, Gray, Frye, Vasquez, and Chavez are guilty of violating Article XX of the California Constitution, Plaintiff has failed to allege that he complied with California's Government Claims Act. Accordingly, Plaintiff has failed to state any cognizable state law claims.

///

Plaintiff was previously advised of the legal and pleading standards for this claim in the Court's prior screening order and provided an opportunity to amend. The Court concludes that further leave to amend would be futile.

### M. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## IV.

## CONCLUSION, ORDER, AND RECOMMENDATION

Based on the foregoing, Plaintiff's first amended complaint fails to state a cognizable claim for relief against any named Defendant. Plaintiff was previously notified of the applicable pleading and legal standards and the deficiencies in his pleading in the Court's October 24, 2019 order screening Plaintiff's original complaint. Despite guidance from the Court, Plaintiff's first amended complaint is substantially similar to Plaintiff's original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts to support his claims, and that further amendment would be futile. Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Hence, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

///

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2019**

UNITED STATES MAGISTRATE JUDGE